# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1823 | **DATE** | 11/7/2002 |
| **CASE TITLE** | LOGAN GRAPHIC PRODUCTS, INC. Vs. TEXTUS USA, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion to dismiss the claims asserted against it by Textus is denied with respect to the Lanham Act violation (Count I), the Illinois UDTPA violation (Count II) and the torious interference with economic opportunity claim (Count III). The motion is granted in part and denied in part with respect to the defamation claim (Count IV). The motion is granted with respect to the unfair competition claim (Count V). Textus' claims with respect to defamation per quod and unfair competition are dismissed without prejudice.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 02 NOV -7 PM 2:16 | date mailed notice | |
| TBK | courtroom deputy's initials | FILED-03 OT | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

LOGAN GRAPHIC PRODUCTS, INC. )
)
)
Plaintiffs, ) No. 02 C 1823
) Paul E. Plunkett, Senior Judge
v. )
)
TEXTUS USA, INC. (d/b/a TEXTUS )
INDUSTRIES, INC. and TEXTUS ART )
AND CRAFT), and DAVID SMITH )
)
Defendants. )

DOCKETED
NOV 0 8 2002

## MEMORANDUM OPINION AND ORDER

Logan Graphic Products, Inc. ("Logan") has filed a complaint against Textus USA, Inc. (d/b/a Textus Industries, Inc. and Textus Art and Craft) and David Smith, CEO and owner of Textus USA, Inc. (collectively, the "Defendants"), alleging violations of the Lanham Act, 15 U.S.C. § 1051 et seq., violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq. and unfair competition. Textus Industries, Inc. ("Textus") has filed a counterclaim, alleging violations of the Lanham Act (Count I), violations of the Illinois Uniform Deceptive Trade Practices Act (Count II), tortious interference with economic opportunity (Count III), defamation (Count IV) and unfair competition (Count V). Logan has moved to dismiss Textus' counterclaim in its entirety. For the reasons provided in this Memorandum Opinion and Order, Logan's motion is granted with respect to Count V and granted in part with respect to Count IV. Logan's motion with respect to the other counts is denied.

37

## Background

The counterclaim alleges the following facts which, for the purposes of this motion, we accept as true. See Labor Ready v. Williams Staffing, LLC, 149 F. Supp. 2d 398, 404 (N.D. Ill. 2001). Textus is an Illinois corporation with its principal place of business in Peoria, Illinois. It is engaged in the import, manufacture, marketing and sale of a variety of products to retailers throughout the United States, including products used in the arts and crafts industry. Logan is also an Illinois corporation, with its principal place of business in Wauconda, Illinois. Logan manufactures, markets and sells picture mat cutting tools to retailers throughout the United States.

Logan has obtained patents on some of its products, including the #301 and #401 mat cutters, but the patents on these mat cutters have expired. Thus, other manufacturers are entitled to copy the "off-patent" aspects of the #301 and #401. Textus, seeing an opportunity to enter into a new market, plans to introduce its own line of mat cutters. Specifically, Textus plans to introduce the HomePro and the StudioPro, designed to compete with the #301 and #401, respectively. Textus has used some of the functional aspects of the #301 and #401 in designing its own products. When Logan learned of Textus' products, it resolved to prevent Textus from entering the picture mat cutting tool market by preventing Textus from attending a trade show and preventing it from marketing prototypes of its products. To achieve this, Logan told retailers and distributers throughout the United States the following:

(1) that Textus was "knocking-off" Logan's products, down to every last detail;

(2) that Textus' products were inferior in production and operation;

(3) that Textus' products did not work;

(4) that Textus was "palming-off" its own products as products of Logan; and

(5) that it (Logan) had certain intellectual property rights in the products at issue. (Countercl. ¶ 10.) Textus alleges that each of the above statements is false and that Logan made these remarks while specifically mentioning Textus' products, without having seen or obtained any Textus product prototype which Textus intends to market and sell in the United States. (Countercl. ¶ 11.) Textus alleges that Logan also disparaged its products in other ways (Countercl. ¶ 10) and that Logan engaged in these actions to maintain its dominant market position and prevent competition from Textus. (Countercl. ¶ 11.) Textus has sued Logan for violation of Section 43(a) of the Lanham Act (Count I), violation of the Illinois Uniform Deceptive Trade Practices Act (Count II), tortious interference with economic opportunity (Count III), defamation (Count IV) and unfair competition (Count V).

## The Legal Standard

The standard for a motion to dismiss a counterclaim is identical to the standard for a motion to dismiss a complaint. Fed. R. Civ. P. ("Rule") 12(b). On a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). The plaintiff need not include a detailed outline of a claim's basis. He must, nevertheless include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Carr Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101,1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

Textus first argues that Logan's motion to dismiss was not timely because it was not filed within twenty days plus three additional days as required by Rules 6 and 12(a)(2). Although the on-line docket indicates the motion was filed on May 27, 2002, Logan has a stamped copy of the motion indicating it was filed on May 17. Under Rule 12(a)(4), this Court has some discretion with respect to filing dates and we consider the motion to be timely. See Rossi Distrib., Inc. v. Lavazza Premium Coffees Corp., 2002 WL 31207324 (N.D. Ill. Oct. 2, 2002). In any event, Textus does not suffer any significant prejudice by this Court's consideration of Logan's motion.

### Count I: Unfair Competition in Violation of Section 43(a) of the Lanham Act

Section 43(a) of the Lanham Act reaches a wide range of unfair competitive practices. Its original intent was to address trademark infringement, but its scope was broadened in 1988 to encompass unfair competition. Truck Components, Inc. v. K-H Corp., 776 F. Supp. 405, 408 (N.D. Ill. 1991). The current version of § 43(a) states:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> . . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1) (1998).

To state a claim for false advertising under § 43(a), Textus must allege that Logan's advertisements were: "(1) false and misleading, (2) actually or likely to deceive a substantial segment of their audience, (3) material in their effects on purchasing decisions, (4) touting goods that entered interstate commerce, and (5) actually or likely to injure [Textus]". Truck Components, Inc., 776 F. Supp. at 408.

Logan claims that Textus has failed to properly plead its Lanham Act claim. Specifically, Logan argues that (1) Textus failed to allege facts which "prove" that the advertised statement was false and misleading; (2) Textus failed to properly plead that the statements were disseminated to the "relevant purchasing public"; (3) retailers and distributors would not accept at face value, and thus could not be deceived by, claims of a manufacturer with respect to a competitor's product; and (4) Textus did not properly plead that it is likely to be harmed by the allegedly false advertising. (Mem. Law Supp. Mot. Dismiss at 3- 4.)

Logan's motion fails on all four points with respect to this count. Notice pleading under the Federal Rules of Civil Procedure does not demand that Textus plead facts to match every element of a legal theory. See Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998). It is enough that Textus briefly describe the events giving rise to its claim. It then receives the "benefit of imagination, so long as the hypotheses are consistent with the complaint." Republic Tobacco, L.P. v. North Atl. Trading Co., 1999 WL 261712, at *4 (N.D. Ill. Apr. 9, 1999) (internal citation omitted). With respect to Logan's first point, Textus has alleged that Logan's statements were false and that Logan had neither obtained nor seen the products which are the subject of its statements, and therefore presumably has no basis on which to make such statements. In addition, Textus has alleged that Logan has been representing that it (Logan) possesses certain intellectual property rights,

rights which Textus alleges Logan does not have. These allegations are sufficient to address the requirement that Logan's statements are false and misleading.

As for Logan's argument that Textus has not "state[d] facts which prove, among other things, that the alleged statements were sufficiently disseminated to the relevant purchasing public" (Mem. Law Supp. Mot. Dismiss at 3), we find that Textus has satisfied its burden. Again, Textus is not required to plead specific facts in its counterclaim. See Bennett, 153 F.3d at 518. Textus has alleged that Logan communicated the statements to "retailers and distributers throughout the United States". (Countercl. ¶ 11.) This is sufficient to withstand Logan's motion on this point. See Lampi Corp. v. Am. Power Prod., Inc., 1994 WL 501996, at *2 (N.D. Ill. Sept. 12, 1994) (finding that an allegation that a counter-defendant made misrepresentations "in sales presentations to customers and potential customers" was sufficient to allege misrepresentations made in commercial advertising or promotion). The case relied upon by Logan in its motion, Johnson Controls, Inc. v. Exide Corp., 152 F. Supp. 2d 1075 (N.D. Ill. 2001) concerns a misrepresentation made to a single customer during the negotiation for a supply contract and does not speak to the facts in this case. While "the level of circulation required to constitute advertising and promotion will undeniably vary from industry to industry", Am. Needle & Novelty, Inc. v. Drew Pearson Mktg., Inc., 820 F. Supp. 1072, 1078 (N.D. Ill. 1993), it is not necessary that the ultimate consumer be on the receiving end of the false and misleading statements. See id. at 1077. See also Republic Tobacco, 1999 WL 26172, at *8 (finding that an allegation that misleading statements "were made to a substantial number of middlemen" was sufficient to state a claim under § 43(a) of the Lanham Act).

Logan argues that Textus has not pleaded any facts "that could possibly prove that one or more individuals or companies have actually been, or are likely to be, deceived" by its statements.

-6-

(Mem. Law Supp. Mot. Dismiss at 4.) Textus does not need to plead any facts to this effect. If a statement at issue is actually false, which Textus alleges is the case, then Textus does not need to show that the statement either deceived or is likely to deceive a substantial segment of the audience. See B. Sanfield, Inc. v. Finlay Fine Jewelry Corp., 168 F.3d 967, 971 (7th Cir. 1999). It is only where a statement is true or ambiguous that one needs to demonstrate confusion on the part of the audience. See id. In any event, Textus does allege that Logan has made these statements in an effort to influence potential customers against purchasing Textus' products before the customers have a chance to evaluate the products themselves. (Countercl. ¶ 16.) Construing the pleadings liberally, as we are required to do, see Am. Needle, 820 F. Supp at 1075, one could conclude that making these statements about Textus' products and Textus itself could influence retailers and distributers to stay with the established, dominant manufacturer of these products and avoid doing business altogether with a new, unknown player.

Logan also argues that the Textus has not sufficiently alleged that it is likely to be harmed by the allegedly false advertising. Logan requires too much of Textus at this stage in the litigation. Textus need only allege that the false and misleading statements will likely injure it "in terms of declining sales, loss of goodwill, or in another similar way." Am. Bankcard Ctr., Inc. v. Peach Tree Bancard Corp., 1993 WL 286479, at *2 (N.D. Ill. July 28, 1993) (internal citations omitted). In its counterclaim, Textus alleges that it will be "injured by way of lost sales and lost opportunities, among other things" and that Logan's statements have caused damage to "its reputation and goodwill at the critical point when it is attempting to enter into a new product market". (Countercl. ¶ 18.)

Because the counterclaim sets forth the necessary elements to state a claim upon which relief may be granted under § 43(a) of the Lanham Act, Logan's motion to dismiss as to Count I is denied.

Count II: Deceptive Trade Practices

To state a claim under the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS § 510/1 et. seq., Textus must allege that Logan publicized untrue or misleading statements that disparaged Textus' goods or services. See Labor Ready, 149 F. Supp. 2d at 413. Accordingly, Textus has alleged that "Logan has made false and misleading statements of facts which disparaged the goods, services and business of Textus . . . ." (Countercl. ¶ 26.) As an example, Textus refers to Logan's alleged statements to retailers and distributers throughout the United States that, among other things, Textus' products were "knock-offs", did not work and were inferior in production and operation. These statements were made even though Logan had not yet seen nor obtained any Textus product prototype. In addition, the counterclaim refers to Logan's statements suggesting that Logan still possessed intellectual property rights in the products at issue. Textus alleges that when these statements were made, Logan specifically named Textus' products.

Logan argues that Textus has not pleaded any facts that would support Textus' conclusion that the statements were false. At the most, argues Logan, it engaged in "puffing", the accepted practice of making vague, general quality claims about a product. We disagree. Textus' allegations, as described above, are sufficient to withstand Logan's motion to dismiss on this count. Logan's motion to dismiss as to Count II is denied.

Count III: Tortious Interference with Economic Opportunity

To state a claim for tortious interference with economic opportunity, Textus must allege that (1) it had a reasonable expectancy of a valid business relationship with a third party; (2) Logan knew of this prospective business relationship; (3) Logan intentionally interfered with the prospective

business relationship so that the relationship never materialized; and (4) that it suffered damages as a result of Logan's interference. See Labor Ready, 149 F. Supp. 2d at 410.

Logan argues that Textus has failed to allege any element of this tort, specifically that Textus has not named a party with whom it had a reasonable expectancy of a business relationship. Logan is correct in that Textus has not specifically named such a party. Instead, Textus has alleged that, because it had successfully entered other new markets in the past, it had a reasonable likelihood of significant prospective economic advantage with respect to these new products. (Countercl. ¶ 32.) It has also alleged that Logan's activities caused "prospective customers and others who were or might be doing business with Textus" to refrain from doing business with Textus and that Logan "intimidate[d] those prospective customers from purchasing Textus' products or from doing any business with Textus." (Countercl. ¶ 31.)

Textus' failure to name any particular party is not fatal to its complaint. Consistent with the requirement of the Federal Rules, Textus' reference to "prospective customers" is sufficient. See Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998) (stating that "[t]he Federal Rules do not require that [Textus'] complaint allege the specific third party or class of third parties with whom [it] claims to have had a valid business expectancy").

Logan next raises the defense of competitor's privilege, which is available to Logan if it can show that its conduct was not motivated "solely by spite or ill will". Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc., 192 F.3d 724, 731 (7th Cir. 1999). The defense is not applicable at this stage of the litigation, though, because Textus has alleged in its counterclaim that Logan's "malicious" activities were intentional, "with the intent to harm" and with the purpose of intimidating Textus' prospective customers. (Countercl. ¶¶ 31, 36.) Given these allegations, Count

III survives Logan's motion despite Logan's potential defense. Logan's motion with respect to Count III is denied.

Count IV: Defamation

A statement is considered defamatory if it harms the reputation of another such that the person is lowered in the eyes of the community or deters others from associating with him. Van Horne v. Muller, 705 N.E.2d 898, 903 (Ill. 1999). The statement may be defamatory per se or defamatory per quod. See Kolegas v. Heftel Broad. Corp., 607 N.E.2d 201, 206 (Ill. 1992). Statements are considered defamatory per se if they, inter alia, prejudice a party in his trade, profession or business. See id. Such statements are so obviously harmful and damaging to the plaintiff that damages are presumed; no showing of injury or special damages is required. See Manion v. Lima Mem'l Hosp., 1994 WL 178316, at *4 (N.D. Ill. May 9, 1994). Statements are considered defamatory per quod if their defamatory nature is not readily apparent and extrinsic facts are required to explain the defamatory meaning. See id. In this case, damage to the plaintiff is not so obvious and the plaintiff must plead and prove special damages. See id.

Textus' counterclaim has not stated an action for defamation per quod because Textus has failed to plead special damages with the required particularity. See id. at *5. Textus claims that, by making the statements at issue, Logan has "impugned the reputation, goodwill and name of Textus a [sic] well as its products." (Countercl. ¶ 41.) These general allegations of damage to reputation are not sufficient to state a cause of action for defamation per quod. See Schaffer v. Zekman, 554 N.E.2d 988, 993 (Ill. App. Ct. 1990) (discussing cases where Illinois courts have found that allegations of "damage to an individual's health or reputation, economic loss, and emotional

distress" and allegations of damage to "good name, reputation and business" do not, in either case, support an action for defamation per quod). Thus, Logan's motion to dismiss with respect to a claim for defamation per quod is granted. As Textus may be able to allege special damages, this portion of Textus' counterclaim is dismissed without prejudice.

We do find, however, that Textus has stated a claim for defamation per se. Logan's statements about Textus' products (i.e., their inferior production and operation, and that they do not work) and its suggestions that Textus was violating Logan's intellectual property rights could fall into one of the categories of statements that are considered defamation per se (i.e., words that prejudice a party or impute lack of ability, in one's trade, profession or business). See Kolegas, 607 N.E.2d at 207. The statements referring to Textus' products imply that Textus' products are inferior in every way to Logan's (or to anyone else's in that they "do not work"). The statements about Logan's intellectual property rights call into question Textus' ethics as a business operation. Statements such as these made by an established manufacturer, one who has a dominant position in the market for these products, could certainly prejudice another trying to establish itself with a new product in an existing market. Distributers and retailers may be tempted to simply stay with a known and trusted manufacturer. No injury is required to be shown when making a claim for defamation per se as injury is presumed based on the nature of the statements made. See Walls v. Lombard Police Officers, 2000 WL 631302, at *3 (N.D. Ill. May 12, 2000).

As for Logan's argument that Textus has not addressed the requisite "falsity" of Logan's statements, Textus has alleged that Logan had not seen nor obtained a prototype of Textus' products, yet Logan made statements about the products' quality and operation. (Countercl. ¶ 12.) This allegation could support a finding that Logan made the statements negligently, see Kuwik v.

Starmark Star Mktg. & Admin., Inc., 619 N.E.2d 129, 133 (Ill. 1993), or without "reasonable grounds" for believing the statements to be true. See Klug v. Chicago School Reform Bd. of Trustees, 197 F.3d 853, 860 (7th Cir. 1999). Logan's motion to dismiss Count IV with respect to a claim of defamation per se is denied.

Count V: Common Law Unfair Competition

When making its claim for unfair competition, Textus mirrors the allegations it sets forth in its UDTPA claim (Count II), except that the requested relief differs.[1] Logan argues that the form of relief requested is not enough to make out a separate claim, and asks this Court to dismiss Count V on that basis. (Mem. Law Supp. Mot. Dismiss at 7.) Textus responds by stating that the availability of different relief under each theory is sufficient to make out a distinct claim. (Resp. Mot. Dismiss at 10.) While the UDTPA has codified the law of unfair competition generally, certain causes of action for unfair competition may still be found outside the statute. See Hycor Corp., v. Dontech, Inc., 1985 WL 3604, at *3 (N.D. Ill. Oct. 31, 1985); Custom Bus. Sys., Inc. v. Boise Cascade Corp., 385 N.E.2d 942 (Ill. App. Ct. 1979). However, even if we agree with Textus on this issue in general, we find that Textus has not sufficiently alleged a claim of unfair competition.

The elements necessary to support a cause of action for unfair competition are not well defined. See Custom Bus. Sys., Inc., 385 N.E.2d at 944. The Seventh Circuit has looked to New York state law for clarification on the issue, and found that New York courts require a showing:

> (1) that the defendant obtained access to the idea through an abuse of a fiduciary or confidential relationship with the plaintiff or via some sort of fraud or deception . . . and

---

[1] In Count II, Textus requests injunctive relief. In Count V, Textus requests damages.

(2) that the defendant's use of the idea deprived the plaintiff of the opportunity to reap its due profits on the idea. . . .

See Wilson v. Electro Marine Sys. Inc., 915 F.2d 1110, 1119 (7th Cir. 1990) (quoting Werlin v. Reader's Digest Ass'n, Inc., 528 F. Supp. 451, 464 (S.D.N.Y. 1981)). Courts in this district have generally required a showing of "the misappropriation of the labors and expenditures of another, i.e., one party reaps where another has sown." Stephen & Hayes Constr., Inc. v. Meadowbrook Homes, Inc., 988 F. Supp. 1194, 1200 (N.D. Ill. 1998); see also Lynch Ford, Inc. v. Ford Motor Co., Inc., 957 F. Supp. 142, 146 (N.D. Ill. 1997). But see Zenith Elec. Corp. v. Exzec, Inc., 1997 WL 798907 (N.D. Ill. Dec. 24, 1997) (equating an unfair competition claim with a claim for tortious interference with prospective economic advantage).[2] Using the "misappropriation" standard as a guide and construing the pleadings liberally, the Court finds that Textus' counterclaim does not support an unfair competition claim. Textus' allegations do not suggest that Logan misappropriated anything from Textus through fraud or deception, or that the parties had any kind of a special relationship through which Logan would have had access to any of Textus' secrets, ideas, strategies or products.

Logan's motion to dismiss Count V of Textus' counterclaim is granted. Because Textus may be able to amend its counterclaim to state a claim for unfair competition, Count V of Textus' counterclaim is dismissed without prejudice.

---

[2] In this case, the court found that an action for common law unfair competition "as it applies to circumstances arising from alleged interference with third party relations – apparently falls under the rubric of tortious interference with prospective economic advantage." See id. at *14. Even if we look to the Zenith court for guidance on evaluating Textus' general unfair competition claim, the result would not differ substantively, as Count III of Textus' counterclaim sufficiently alleges this tort specifically.

## Conclusion

For the reasons set forth above, Logan's motion to dismiss the claims asserted against it by Textus is denied with respect to the Lanham Act violation (Count I), the Illinois UDTPA violation (Count II) and the tortious interference with economic opportunity claim (Count III). The motion is granted in part and denied in part with respect to the defamation claim (Count IV). The motion is granted with respect to the unfair competition claim (Count V). Textus' claims with respect to defamation per quod and unfair competition are dismissed without prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: November 7, 2002